UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12102-RGS

JAMES FAHERTY, LINDA FEIBEL, and
MOE TARKINOW, on behalf of themselves, and
those similarly situated

v.

CVS PHARMACY, INC.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

May 12, 2010

STEARNS, D.J.

On December 11, 2009, James Faherty, Linda Feibel, and Moe Tarkinow brought this putative class-action against CVS Pharmacy, Inc., alleging false and misleading representations made in connection with the marketing of the product AirShield, a store-brand version of the cold remedy, Airborne.  The Class Action Complaint asserts claims for violations of the consumer protection statutes of Massachusetts and Rhode Island, breach of various warranties, unjust enrichment, and misrepresentation.[1] On February 1, 2010, CVS filed a motion to dismiss all counts asserting violations of Rhode Island law.

---

[1]Plaintiffs allege violation of the Rhode Island Deceptive Trade Practices Act (DTPA) (Count I); Mass. Gen. Laws ch. 93A, §§ 2 and 9 (Count II); breach of express warranty in violation of R.I.G.L. § 6A-2-313 (Count III), and of Mass. Gen. Laws ch. 106, § 2-313 (Count IV); breach of the implied warranty of merchantability in violation of R.I.G.L. § 6A-2-314 (Count V) and of Mass. Gen. Laws ch. 106, § 2-314 (Count VI); breach of the implied warranty of fitness for a particular purpose in violation of R.I.G.L. § 6A-2-315 (Count VII) and of Mass. Gen. Laws ch. 106, § 2-315 (Count VIII); unjust enrichment under Rhode Island law (Count IX) and under Massachusetts law (Count X); deceit and/or misrepresentation (Count XI); and negligent misrepresentation (Count XII).

Plaintiffs have opposed the motion.

BACKGROUND

All of the plaintiffs are Massachusetts residents who purchased AirShield from CVS stores in Massachusetts in 2007 and 2008. CVS is a Delaware company headquartered in Woonsocket, Rhode Island. Compl. ¶ 7. CVS operates retail drugstore chains and also sells merchandise over a website accessible to customers nationwide. Id. CVS sells AirShield, a store-brand version of the popular cold remedy, AirBorne. The packaging for AirShield mimics Airborne's packing by including cartoons of germs and persons in public places who are surrounded by others who are sneezing. In addition, AirShield, like AirBorne, claims that it provides a defense to the common cold and other airborne illnesses by boosting the immune system using an "[e]ffervescent formula" that "supports" the immune system. AirShield is shelved directly adjacent to AirBorne in the Cold & Cough sections of CVS stores.[2]

In response to a lawsuit brought by the Center for Science in the Public Interest, the makers of AirBorne agreed to pay a settlement of $23.5 million, offering refunds to customers who had purchased AirBorne. The makers of AirBorne subsequently paid an additional $6.5 million to settle charges brought by the FTC, alleging that there was no competent and reliable scientific evidence to support the claims that AirBorne can prevent or reduce the risk of colds, sickness, or infection in crowded places such as airplanes,

---

[2]AirShield was manufactured by Leiner Health Products, Inc., which is currently under investigation by the Federal Trade Commission (FTC) for its manufacture of store-brand AirBorne equivalents. Plaintiffs state that the only reason that Leiner is not named as a defendant in this case is because it filed for bankruptcy protection in March of 2008.

offices, and schools.

According to plaintiffs, because AirShield is a store-brand equivalent of AirBorne, CVS's claims regarding AirShield's efficacy (which mimicked AirBorne's claims) are patently false.  Plaintiffs contend that AirShield is "nothing more than a multi-vitamin tablet, combined with a few minerals, amino acids and some herbs."  Compl. ¶ 20.

Plaintiffs state that they relied upon the written representations contained on AirShield's packaging claiming comparability with AirBorne and trumpeting a defense to (and cure for) the common cold and other airborne illnesses. Plaintiffs seek to bring this action under Rhode Island law on behalf of a nationwide class including  "[a]ll persons who purchased CVS's store-brand Airborne equivalent AirShield from August 1, 2004 to [the] present."  Compl. ¶ 29.  In the alternative, if the court finds that Rhode Island law does not apply on a nationwide basis, plaintiffs seek to represent a Massachusetts class, again defined as all persons who purchased AirShield from August 1, 2004, to the present.  Id. ¶ 30.

DISCUSSION

According to CVS, all of the claims brought under Rhode Island law must be dismissed because Rhode Island's DTPA specifically limits it applicability to transactions and conduct that has occurred within the borders of Rhode Island.  The DTPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  R.I. Gen. Laws § 6-13.1-2.  "Trade" and "commerce" are defined as "the advertising, offering for sale, sale, or distribution of any services and any property . . . directly or indirectly affecting the people of this state."  Id. § 6-13.1-1.

3

CVS argues that the DTPA cannot apply to plaintiffs' claims because all of the named plaintiffs are Massachusetts residents who purchased AirShield at CVS stores in Massachusetts.

Although CVS claims that plaintiffs have failed to allege any facts that bear relation to Rhode Island, the Complaint contains the key allegation that CVS is headquartered in Rhode Island.  As this court recently held,

> it is plain as a pikestaff that [the state where the defendant is located] . . . [has an] interest in regulating the conduct of businesses operating under its laws [that] trumps any interest that [the place of the injury] might have.  If this case were to achieve class action status, some 1,500 class members representing all fifty states would be affected.  It stands to reason that among this geographically diverse group, [the state where defendant is located] is the only state that would have a substantive tie to all of the class members.

Watkins v. Omni Life Science, Inc., 2010 WL 809820, at *3 (D. Mass. Mar. 9, 2010). Moreover, "a federal court normally should interpret state law using the same method and approach that the highest court of the state would use." IMS Health Inc. v. Ayotte, 550 F.3d 42, 63 (1st Cir. 2008). The court notes that the Rhode Island Supreme Court has allowed a putative nationwide class to maintain claims under both the DTPA and its Michigan analogue, regardless of where a customer resided or suffered injury. See Park v. Ford Motor Co., 844 A.2d 687, 690 (R.I. 2004).  Therefore, the court finds that the plaintiffs are entitled to proceed with their claim under the DTPA.

Plaintiffs' claims for breach of warranties brought under Rhode Island's Uniform Commercial Code (UCC) apply only to "transactions bearing an appropriate relation to this state." R.I. Gen. Laws § 6A-1-301(b).  Because the court has already found that the claims

4

bear an appropriate relation to Rhode Island by virtue of CVS's having located its headquarters in the state, the UCC claims may also proceed.

<u>ORDER</u>

For the foregoing reasons, CVS's motion to dismiss is <u>DENIED</u>.  Within ten (10) days of the date of this Order, the parties shall file a joint proposed scheduling order.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE